Argued February 2, affirmed March 22, 1967

# PACIFIC NORTHWEST BELL TELEPHONE COMPANY, *Respondent, v.* DeLONG COR-PORATION, *Appellant.*

425 P. 2d 498

*Edwin J. Peterson*, Portland, argued the cause for appellant. With him on the briefs were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

*Howard M. Feuerstein*, Portland, argued the cause for respondent. With him on the brief were Davies, Biggs, Strayer, Stoel & Boley, and Cleveland C. Cory and Robert L. Ridgley, Portland.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, LUSK and FORT, Justices.

SLOAN, J.

While defendant DeLong was building the bridge across the Columbia river at Astoria its employees cut plaintiff's telephone cable that ran under the Columbia from Point Ellice, in Washington, to Astoria. In this action for the resulting damage, the jury returned a verdict for defendant. Later, the court entered a judgment n.o.v. for plaintiff. Defendant appeals.

In its complaint plaintiff had alleged, in separate counts, a claim that DeLong had negligently damaged its cable and a second claim that the contract between DeLong and the highway commission made DeLong contractually liable for the damage to the telephone cable and that the contract authorized plaintiff to bring this action. DeLong countered that any negligence on its part was excused by contributory negligence of plaintiff in having its cable too close to the construction area. DeLong denied that it was bound

contractually for any damage to plaintiff or that plaintiff could sue as a third party beneficiary of the contract.

The negligence argument is renewed here. However, the real issue presented, and the one which we decide, is the claim of the telephone company that certain provisions of the contract between DeLong and the state highway commission imposed a contractual liability upon DeLong to pay for the damage to the cable. If plaintiff's contention is wrong, the jury verdict must be reinstated.

The following are the pertinent paragraphs of the contract:

"1.7.8—Protection of Property and Persons

"In the performance of the work to be done under the contract, the contractor shall use every reasonable and practicable means to avoid damage to property, injury to persons and loss, expense, inconvenience and delay to property owners, users of the highway and others.

"At points where the contractor's operations are adjacent to properties of railway, telegraph, telephone, and power companies, or are adjacent to other property, damage to which might result in material expense, loss, or inconvenience, work shall not be commenced until all arrangements necessary for the protection of the interests of the State, as well as any interest that a third party may have herein, have been made.

"1.7.10—Responsibility for Damages

"The contractor shall be responsible for all damages to property, injury to persons, and loss, expense, inconvenience, and delay that may be caused by or that may result from any act, omission, or neglect of the contractor, his subcontractors, or his employees in the performance of the work to be done under the contract.

## "1.7.11—Damage to Telephone, Telegraph, and Power Lines

"The provisions given elsewhere herein, which require the contractor to protect property against damage, and which place upon the contractor all responsibility for damage to property, injury to persons, and loss, expense, inconvenience, and delay to owners of property and others shall be understood to apply in connection with telephone, telegraph, and power lines the same as in connection with other kinds of property; provided, however, that in the cases of telephone, telegraph, and power lines which are within publicly-owned highway right of way, and not within right of way owned, or, in some manner, controlled by the owners of the lines, and the terms of the franchise or permit under which these facilities are allowed on such right of way do not make the state, county, city, or other public body responsible for such damage, the contractor will not be responsible for damage to the lines, if, before beginning work which has damaged the lines, the contractor has given proper notification thereof to the owners of said lines, and if the damage has not been willful or the result of a failure on the part of the contractor to exercise reasonable care in the performance of his work to avoid such damage."

It is plaintiff's theory that these requirements of the contract subjected DeLong to a contractual liability for the damage to the cable, that DeLong breached the contract and that the contract entitled plaintiff to bring this action for the breach. We agree.

The evident purpose of the conditions in the contract is to make the contractor directly responsible for damage to property, in this instance, which results from highway construction. It does not appear that these provisions were intended to indemnify the highway commission nor to limit the liability to negligent

conduct. The highway commission is justified, for obvious reasons, in relieving a property owner, whose property is damaged by highway construction, of the burden of finding a negligent actor who caused the damage. It is also evident that the contract was intended to make the contractor directly liable to a damaged third person.

The authorities sustain our decision. Restatement, Contracts, § 145; 4 Corbin, Contracts, 1951, § 805, p. 201.

*La Mourea v. Rhude,* 1940, 209 Minn 53, 58, 295 NW 304, 307, includes a review of the authorities on the present question to the date of that decision. The Minnesota court concluded that the weight of authority and "the entire weight of all inherent factors of the problem speak for recovery" by the third party. The court explained its decision in this language:

"We affirm plaintiff's right to sue as a beneficiary of the contract. An opposite holding would defeat obligation where obligation is not only intended but also expressed and paid for. Implicit in such holding would be the indefensible hypothesis that, although a party to a contract may stipulate for such benefits to himself as he wants and the other party will allow, yet the two of them by the same process and for the same consideration cannot secure similar benefit to a stranger. In the contractual promise for the benefit of one not a party, there is nothing illegal or contrary to public policy. The promise is within the right of one party to exact and the other to make. No reasonable ground can be suggested for its not being enforceable according to its expressed intent." 295 NW 306.

DeLong says that *Waterway Terminals v. P. S. Lord,* 1965, 242 Or 1, 406 P2d 556, rejects this theory. The Waterway Terminals' opinion expressly stated

that the contract there involved gave no indication of an intent to benefit anyone but the parties to the contract. In the instant case the contract expressly extended its benefit to plaintiff.

*Larson v. Heintz Const. Co. et al,* 1959, 219 Or 25, 345 P2d 835, also relied on by DeLong, was an action for the alleged negligence of highway contractors in failing to place barriers and warning signs about a construction area as required by contracts between the defendants and the highway commission. The decision in the case said that the contract could be admitted as evidence of the standard of care that the contractor owed to third parties. DeLong asserts *Larson* held that there was no right to a third party action on the contract. The *Larson* case did not consider the question presented here and is not a bar to the instant action.

■ Paragraph 1.7.10 of the present contract specifies that DeLong shall be responsible for damage to property caused by any act of DeLong in the performance of the contract. An act of DeLong did cut the telephone cable. Paragraph 1.7.11 of the contract specifically designated the owner of a telephone line as a beneficiary of the contract. Plaintiff is entitled to bring this action to enforce the terms of the contract that are beneficial to it. The evidence is conclusive that plaintiff's cable was located within the area where it should have been. And there is no satisfactory evidence that plaintiff did anything that would excuse or thwart DeLong's performance of the contract.

DeLong also claims that the proviso contained in paragraph 1.7.11 is applicable. We read the proviso to apply only if: 1. The telephone lines were within a "publicly-owned highway right of way," and 2. The use of the right of way for telephone lines was granted

by a permit or franchise issued by the public authority owning the right of way, and 3. The franchise or permit "[does] not make the state, county, city, or other public body responsible for such damage [to the telephone lines by a contractor.]" If the proviso is applicable to this case, then DeLong would not be liable if "* * * before beginning work which has damaged the lines, the contractor has given proper notification thereof to the owners of said lines, and if the damage has not been willful or the result of a failure on the part of the contractor to exercise reasonable care in the performance of his work to avoid such damage." We construe this proviso to be limited to rights of way exclusively controlled by the state, or a county or a city or by two or more of them together.

It should be added that ORS 374.305 prohibits anyone from placing any structure or cable on or within the right of way of a state highway or a county road without the prior approval of the highway commission or of the appropriate board of county commissioners. The record does not show that the permit required by ORS 374.305 was sought or obtained by plaintiff before it first placed its cable in 1947 or thereafter. No one proposed that it was required. The statute was not mentioned in evidence or in the argument.

■ There is nothing in the record to show that the bed of the Columbia river where the cable rested was a publicly-owned highway right of way or that the state or a county or a city claimed it as a right of way. In short, there is no evidence that the proviso of paragraph 1.7.11 was applicable to the situation involved here.

In addition, there is no evidence that DeLong ever gave the notice required by the proviso. There is evi-

dence that early in the construction project agents of the telephone company advised a supervising employee of DeLong of the location of the cable and offered DeLong assistance in any problem relative to the cable. But no one testified that DeLong gave any notice to plaintiff at any time as to when or in what area the construction work would be near the cable. DeLong cannot take refuge in the proviso.

It follows that the judgment n.o.v. must be affirmed.