496 P.2d 937

Berneal RATHBUN et al., Plaintiffs-
Appellants,

v.

The DEPARTMENT OF HIGHWAYS, a civ-
il department of the State of Idaho,
et al., Defendants-Respondents.

Wayne L. RATHBUN et al., Plaintiffs-
Appellants,

v.

The DEPARTMENT OF HIGHWAYS, a civ-
il department of the State of Idaho,
et al., Defendants-Respondents.

No. 10859.

Supreme Court of Idaho.

May 4, 1972.

James J. May, Twin Falls, for appel-
lants.

Faber F. Tway, Chief Legal Counsel,
Department of Highways, Boise, for re-
spondents.

SHEPARD, Justice.

This is an appeal from a summary judg-
ment in favor of defendants-respondents in
a case wherein plaintiffs-appellants had
brought suit for their personal injuries and
the wrongful death of their husband and
father.

On November 9, 1968 a car driven by
Floyd Rathbun struck a large boulder on
U. S. Highway 30. The driver of the ve-
hicle was killed and passengers in the car
were injured. Plaintiffs and appellants
herein are in two groups. The first is the

immediate family of Floyd Rathbun suing for their personal injuries as well as the wrongful death of Floyd Rathbun. The second group is Wayne Rathbun suing for personal injuries to his wife and his children. The defendants-respondents herein are the Department of Highways and various administrators connected therewith.

During the pendency of the appeal in Smith v. State, 93 Idaho 795, 473 P.2d 937 (1970), plaintiffs-appellants unsuccessfully attempted to stipulate with defendants-respondents to consolidate this case with Smith v. State, *supra,* for hearing. Oral arguments in Smith v. State, were heard by this Court on September 18, 1969.

Failing in their attempt to obtain a consolidation of this case with Smith v. State, a stipulation was signed and filed on September 24, 1969. That stipulation provided that any further action in the instant case would be held in abeyance until the Supreme Court reached a decision in Smith v. State, et al. The stipulation further provided that the decision in Smith v. State should be applied to determine the issues in the instant case. After the decision in Smith v. State on August 5, 1970, the defendants-respondents herein moved for a dismissal, which motion was treated as one for summary judgment and granted on November 12, 1970. The summary judgment was apparently based on the ruling in Smith v. State that, as to other than the actual plaintiffs in Smith v. State, et al., the abolition of sovereign immunity was limited to prospective application. The prospective application date (March 20, 1971) was later in time than the date that the cause of action arose in the instant case.

Plaintiffs-appellants' only assignment of error is that the district court erred as a matter of law in granting summary judgment in favor of defendants-respondents.

In Smith v. State, this court abolished the doctrine of sovereign immunity in a case similar to that at bar, but that holding was prospective only, and was to govern causes of action:

"arising on or after 60 days subsequent to the adjournment of the First Regular Session of the Forty-First Idaho State Legislature unless legislation is enacted at that session with respect to the abolition of the sovereign immunity of the state." 93 Idaho 795 at 808, 473 P.2d at 950.

■ Plaintiffs' argument is two-fold. They ask first that we re-examine our decision in *Smith* as to its prospective application. They argue that the abolition of sovereign immunity should be applied retroactively and not prospectively. The reasons for the prospective application of the abolition of sovereign immunity are adequately and substantially set forth in *Smith* and need not be reiterated here. Plaintiffs-appellants advance no authority which persuades us to reach a conclusion other than that set forth in *Smith*.

■ Plaintiffs-appellants secondly argue that the sitpulation of September 24, 1969 placed them in the same position as the plaintiffs in Smith v. State, et al.; and, since special relief was granted to those plaintiffs, the same result should obtain herein. We do not agree. The stipulation, read fairly and in accordance with normal usage of the words therein, simply states that the cause would be held in abeyance until a decision in Smith v. State. Our opinion in *Smith* clearly stated that the "principle of governmental immunity" would cease at a date in the future as to all causes of action arising after that future date. Plaintiffs-appellants also argue that the stipulation "waived" the otherwise existing sovereign immunity of the defendants. Neither the defendants nor counsel for defendants had any authority to enter into any such alleged waiver and any attempt thereat would be invalid. It is clear that such immunity could be waived only through express action of the legislature. Gates v. Pickett & Nelson Construction Co., 91 Idaho 836, 432 P.2d 780 (1967); Bare v. Department of Highways, 88 Idaho 467, 401 P.2d 552 (1965).

At the time plaintiffs' cause of action arose, and at the time of the dismissal of that action, the doctrine of sovereign immunity barred any recovery by plaintiffs from defendants. No alleged stipulation could have waived nor did it waive that immunity. The issuance of summary judgment by the district court was correct and is affirmed. *See:* Dawson, et al. v. Olson, 94 Idaho 636, 496 P.2d 97 (March 8, 1972).

Costs to respondents.

McQUADE, C. J., and McFADDEN, DONALDSON, and BAKES, JJ., concur.