497 P.2d 1056

Joan BLACK and Richard R. Black, wife and husband, Plaintiffs-Appellants,

v.

PETER KIEWIT SONS' CO. et al., Defendants-Respondents.

No. 10912.

Supreme Court of Idaho.

June 1, 1972.

**756**

Callis A. Caldwell, of Johnson & Olson, Pocatello, for plaintiffs-appellants.

Coughlan, Imhoff, Christensen & Lynch, Boise, for respondent, Peter Kiewit Sons' Co.

Faber F. Tway and Anton Hohler, Boise, for respondent State of Idaho, Dept. of Highways.

DONALDSON, Justice.

This negligence action was brought to recover for personal injuries and property damage sustained by the appellants when, on October 1, 1967, an oil slick on Interstate Highway 80-N caused their automobile to go out of control. In September of 1969, the appellants filed suit against the Idaho Department of Highways and Peter Kiewit Sons' Co., the contractor which constructed the section of the highway where the accident occurred.

The parties stipulated that (1) the respondent contractor had constructed the highway section in accordance with the plans and specifications published by the state and incorporated by reference in the contracts pursuant to which the work was undertaken; and (2) the State Highway Engineer had accepted the work as completed.

Concluding that there were no genuine issues of material fact to be resolved, the trial court granted both of the defendants' motions for summary judgment. The court concluded that the contractor was entitled to summary judgment under Gates v.

Pickett & Nelson Construction Co., 91 Idaho 836, 432 P.2d 780 (1967), and that the Department of Highways was entitled to summary judgment under Smith v. State, 93 Idaho 795, 473 P.2d 937 (1970). The appellants appeal from the entry of summary judgment in favor of both defendants.

The appellants contend that under the *Gates* case, *supra*, a contractor may be held liable for negligently doing something which he was not required to do under the plans and specifications furnished to him; and thus, even if he has followed the plans and specifications, he may still be found negligent in some other respect. Furthermore, it is argued, the plans and specifications may have been so defective that the contractor would be negligent in following them without question. In support of their position, the appellants quote from 65 C.J.S. Negligence § 95, at 1059. But as stated immediately after the language relied upon by the appellants:

> "It is a well-established general rule that, where the work of an independent contractor is completed and is turned over to, and accepted by, the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work [citing the *Gates* case, *supra*, among others], the responsibility, if any, for maintaining or using the property in its defective condition shifting to the owner.
>
> "This rule applies even though the contractor was negligent in carrying out the contract, and at least if the defect is not hidden, but readily observable on reasonable inspection. A fortiori, the

contractor is not liable where he performed the work in strict accordance with the terms of the contract, or performed the work according to the plans and specifications furnished by the owner * * * ." 65 C.J.S. Negligence § 95, para. b, at 1060–1062.

This general rule is applicable in Idaho, where this Court has held that if a contractor performs his work according to plans and specifications, no liability may be imposed upon him for any damage resulting from such construction. Gates v. Pickett & Nelson Construction Co., *supra*; *see* Puget Sound Nat'l Bank v. C. B. Lauch Constr. Co., 73 Idaho 68, 245 P.2d 800 (1952). *See also* Meyers v. United States, 323 F.2d 580 (9th Cir. 1963). The following language, first used by this Court in the *Puget Sound* case, was quoted with approval in Goodwin v. Village of Firth, 79 Idaho 459, 319 P.2d 970 (1957), and again in the *Gates* case:

> "A contractor is required to follow the plans and specifications and when he does so, he cannot be held to guarantee that the work performed as required by his contract will be free from defects, or withstand the action of the elements, or that the completed job will accomplish the purpose intended. He is only responsible for improper workmanship or other faults, or defects resulting from his failure to perform." 73 Idaho at 77, 245 P.2d at 805.

We note that at no time after the work was accepted by the state did the respondent contractor maintain or control the section of the highway where the accident occurred.[1] Under the facts presented in this case, the respondent Peter Kiewit Sons'

---

[1]. An unequivocal statement to this effect is contained in the affidavit of Peter Kiewit's area manager, filed in support of its motion for summary judgment; under I.R.C.P. 56(e), "an adverse party may not rest upon mere allegations or denials of his pleading, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be." This the appellants failed to do.

Therefore, the respondent contractor's uncontroverted denial of any responsibility for maintenance or control must be accepted as true. Tafoya v. Fleming, 94 Idaho 3, 479 P.2d 483 (1971); Petricevich v. Salmon River Canal Co., 92 Idaho 865, 452 P.2d 362 (1969); Prather v. Industrial Inv. Corp., 91 Idaho 682, 429 P.2d 414 (1967); *cf.* Vincen v. Lazarus, 93 Idaho 145, 456 P.2d 789 (1969).

Company was entitled to a judgment as a matter of law; hence, summary judgment in its favor was properly rendered by the district court. I.R.C.P. 56(c).

The appellants' only other assignment of error need not be discussed in depth, since this Court has recently rendered an opinion adverse to the appellants' contention. They contend that the district court erred as a matter of law in also granting summary judgment in favor of the respondent Idaho Department of Highways. In Smith v. State, *supra*, this Court abolished the doctrine of sovereign immunity, but that holding was prospective only, except for the plaintiffs whose causes were before the Court in that case. The appellants concede that a state court has the right to decide whether a new rule declared by it shall operate prospectively only or apply also to past transactions; but they contend that a ruling must be either *"purely* retroactive or *purely* prospective." In other words, the appellants argue that because both they and the plaintiffs in *Smith* were injured prior to the decision abolishing sovereign immunity, they are similarly situated, and it is a denial of equal protection of the laws to grant a cause of action to the plaintiffs in *Smith* and not to the appellants. In the recently released case of Dawson v. Olson, 94 Idaho 636, 496 P. 2d 97 (1972), the contention made here was considered and rejected by this Court; as we stated there, "the person who successfully challenges existing legal doctrine can be, and has been, regarded as having thereby set himself apart." Schaefer, The Control of "Sunbursts": Techniques of Prospective Overruling, 42 N.Y.U.L.Rev. 631, 638 (1967). Since the appellants and the *Smith* plaintiffs are not similarly situated, they do not have to be treated equally. The reasons for making the abolition of sovereign immunity prospective only, except as to the litigants then at bar, are adequately set forth in *Smith* itself (93 Idaho at 808, 473 P.2d 937) and need not be reiterated here. The summary judgment in favor of the respondent Idaho Department of Highways was properly granted. *See* Rathbun v. Department of Highways, 94 Idaho 700, 496 P.2d 937 (1972); Dawson v. Olson, *supra*.

Judgment affirmed. Costs to respondents.

McQUADE, C. J., SHEPARD and BAKES, JJ., and THOMAS, District Judge, concur.