520 P.2d 249

**YELLOWSTONE PIPE LINE COMPANY, a corporation, Plaintiff-Appellant,**

**v.**

**GRANT CONSTRUCTION COMPANY, INC., a corporation, Defendant-Respondent, Goodfellow Brothers Company, Defendant.**

**No. 11287.**

Supreme Court of Idaho.

March 18, 1974.

Rehearing Denied April 11, 1974.

Frank Hayes Johnson of MacGillivray, Jones, Clarke, Schiffner & Johnson, Spo-

kane, Wash., and Piatt Hull, of Hull, Hull & Wheeler, Wallace, for plaintiff-appellant.

Joseph J. Rekofke of Winston, Cashatt, Repsold, McNichols, Connelly & Driscoll, Spokane, Wash., and Robert E. Brown of Brown, Peacock, Keane & Boyd, Kellogg, for defendant-respondent.

BAKES, Justice.

This appeal involves an action brought by plaintiff-appellant Yellowstone Pipe Line Company against defendant-respondent Grant Construction Company to recover for damages sustained as a consequence of a break in appellant's underground pipeline on May 19, 1967.

Appellant, a Delaware corporation, is engaged as a common carrier in the transportation of petroleum products from Billings, Montana, to Spokane, Washington, by means of a ten-inch steel underground pipe constructed in 1953. The pipeline crosses the Coeur d'Alene River at various points, one of which—the subject matter of this lawsuit—was near Kingston, Idaho.

In 1961, appellant granted the Idaho State Department of Highways a right of way over its pipeline near Kingston, Idaho, to gain access to a gravel source. The grant provided in part:

> "3. The Idaho State Highway Department and its contractors will be responsible for all damages to the pipe line which are caused by the operation of the materials source. This includes vertical or horizontal movement of the line as well as physical damage to the pipe, its coating, or contents."

In 1966, the State of Idaho contracted with Goodfellow Brothers, Inc., as prime contractors, to construct a portion of Interstate Highway I–90 adjacent to the gravel source mentioned above. Goodfellow Brothers then entered into a subcontract with respondent Grant Construction Co. to supply from the designated source the gravel required for the highway construction. The contract between Goodfellow Brothers and respondent incorporated the provisions of the original contract between the State of Idaho and Goodfellow Brothers, one of which provided as follows:

> "107.21 CONTRACTOR'S RESPONSIBILITY FOR UTILITY PROPERTY AND SERVICES. At points where the Contractor's operations are adjacent to properties of railway, telegraph, telephone, irrigation or canal companies and power companies or are adjacent to other property, damage to which might result in considerable expense, loss or inconvenience, work shall not be commenced until all arrangements necessary for the protection thereof have been made.
>
> "The Contractor shall be solely and directly responsible to the owners and operators of such properties for any damage, injury, expense, loss, inconvenience, or delay, or for any suits, actions or claims of any character brought on account of any injuries or damage which may result from the carrying out of the work to be done under the contract." Standard Specifications for Highway Construction, 1961 Ed., State of Idaho, Dept. of Highways, Boise, Idaho, at p. 57.

Respondent then constructed a dike access road across a secondary channel of the river and used the road to transport gravel from the source to the construction site. The dike cut off the flow of all water from the secondary channel, thereby increasing the flow over appellant's pipeline in the main channel. Appellant contends the increased flow in the main channel scoured away the river bottom protecting appellant's pipeline, thereby causing it to be fully exposed to the force of the river and ultimately to break.

Appellant alleged that respondent was liable for the damages caused by the break in appellant's pipeline on three separate grounds: (1) negligence in constructing the dike access road without regard for the natural flow of the river; (2) strict liability resulting from altering the natural water courses of the Coeur d'Alene River;

and (3) contractual liability of respondent to appellant who was a third party beneficiary of the original contract and the subcontract.

The issue tried by the jury was limited to liability with the question of the amount of damages reserved. After a jury verdict against appellant and in favor of defendant respondent, and the denial of appellant's motion for a judgment notwithstanding the verdict, appellant brought this appeal.

Appellant mainly argues that by virtue of the contracts set out above it did not have to prove negligence to recover, but it only had to prove that the damage to the pipeline resulted from the operation of the materials source. We agree. Appellant's standing to raise the contract issue results from its status as a third party beneficiary of the main contract between the State of Idaho and Goodfellow Brothers, Inc., and the subcontract between Goodfellow Brothers, Inc., and respondent Grant Construction Co. The trial court concluded as a matter of law that appellant was a third party beneficiary of the contracts between respondent and Goodfellow Brothers, Inc., and the State of Idaho.[1] This ruling was correct. In Stewart v. Arrington Construction Co., 92 Idaho 526, 446 P.2d 895 (1968), this Court stated:

"In order to recover as a third party beneficiary, it is not necessary that the individual be named and identified as an individual although that is usually sufficient; a third party may enforce a contract if he can show he is a member of a limited class for whose benefit it was made. [Omitting citation]. The class may be limited either by a narrow description of the injuries to be guarded against and the damages to be paid, Anderson v. Rexroad, 175 Kan. 676, 266 P.2d 320 (1954), or by a similar description of the class to be protected. Pacific Northwest Bell Telephone Co. v. DeLong Corp., 246 Or. 369, 425 P.2d 498 (1967); Shell v. Schmidt, 126 Cal.App.2d 279, 272 P.2d 82 (1954)." 92 Idaho at 532, 446 P.2d at 901.

In this case the State of Idaho, in accepting the grant of right of way over the pipeline of appellant, specifically agreed that it and its contractors would be responsible for all damages to the pipeline which were caused by the operation of the materials source. In its contract with Goodfellow Brothers and in the subcontract to respondent Grant Construction Co., it specifically provided in section 107.21 of the Standard Specifications that properties adjacent to the contractors' operations were to be protected and that the contractor would be responsible for any damage or injury which may result from carrying out the work to be done under the contract. These circumstances distinguish this situation factually from that which was before the Court in Davis v. Nelson-Deppe, Inc., 91 Idaho 463, 424 P.2d 733 (1967).

The trial court was correct in concluding as a matter of law that appellant was a third party beneficiary of the contract. Having thus attained the status of a third party beneficiary entitling appellant to sue for breach of the contracts, appellant contends that instructions number 8 and 9 submitted to the jury were in error because those instructions, and particularly instruction number 9, in effect eliminated appellant's contract theory by subordinating it to a negligence theory. Instructions number 8 and 9, as submitted to the jury, read as follows:

"INSTRUCTION NO. 8

"You are further instructed that where a contractor performs his work according to the plans and specifications of the contract, the contractor is not liable for damage to property resulting from such construction.

1. Instruction number 7 provided in part: "The court has concluded as a matter of law, that the plaintiff, Yellowstone Pipeline Company, was within the class of protected persons in the construction contract between the State of Idaho Highway Department and the defendant, as heretofore defined in the Standard Specifications for Highway Construction, and as such is a third party beneficiary in said contract."

"Therefore, if you find that the defendant performed such construction work in accordance with the plans and specifications, your verdict must be for the defendant.

"INSTRUCTION NO. 9

"You are further instructed that the law will not permit one to build structures in the channel or bed of a stream, or in any other way impede, obstruct or interfere with the flow of the current, or render it necessary for another riparian proprietor to build riprapping, cribbing or breakwater, or other structure in order to protect his property from washing or erosion caused by the additional burden and flow of water cast upon it by reason of the encroachment of such structure.

"Therefore, if you find from the evidence that the plaintiff has proven, by a preponderance of the evidence, that the contractor did materially breach his contract by constructing the access road in the manner or place in which it was constructed, and that the construction of such access road by the defendant was a proximate cause of the rupture of plaintiff's pipeline, and that the defendant has not shown by a preponderance of the evidence that the plaintiff was not guilty of contributory negligence which was a proximate cause of plaintiff's damage, then your verdict must be for the plaintiff.

"On the other hand, if you find from the evidence that the plaintiff has not proven, by a preponderance of the evidence, that the contractor materially breached his contract as above set forth, or has not proven, by a preponderance of the evidence, that the construction of such access road was the proximate cause of the rupture in plaintiff's pipeline, or that the evidence shows, by a preponderance thereof, that the plaintiff was guilty of contributory negligence which was a proximate cause of the damage to the plaintiff's pipeline, then your verdict must be for the defendant."

While instruction number 9 does mention the contract theory and the riparian theory advocated by the appellant in its separate causes of action, the negligence concept of appellant's first cause of action predominates and overrides the other two theories in that instruction. Thus, instruction number 9 instructed the jury that contributory negligence of plaintiff-appellant would be a defense to respondent Grant Construction Co.'s breach of the contract. The trial court was convinced that all three of plaintiff's theories were subject to the rationale of the Gates v. Pickett & Nelson Construction Co. case, 91 Idaho 836, 432 P.2d 780 (1967). In the instruction conference reported in the transcript at pages 922–923, the trial court stated:

> ". . . I am convinced that the law in this state is that in the event the contractors in a state highway construction contract, that if the contractor performs the contract according to plans and specifications they are not liable in damages for damage to other property.
>
> "The Gates case points out the proper action would be an action in inverse condemnation against the state. In other words, it was the state's responsibility to see the work to be done was within the bounds of propriety. Once the contractor performs according to those plans and specifications, he is released from liability to third parties, even under the strict liability clause in the contract.
>
> . . . . . .
>
> "The third point is, under either of these theories we talk about contract rights and so forth, third party beneficiary, but really *they all sound in tort* and, under either theory, once they have got over the hurdle of material breach, *the defendants have the right of defense of contributory negligence.*" (Emphasis supplied).

It is evident from the foregoing that the trial court considered that regardless of whether the appellant was proceeding in tort, contract, or interference with the ri-

parian rights on a stream, that the doctrine of the *Gates* case was applicable.

This Court in the Gates v. Pickett & Nelson opinion carefully pointed out that "the action is one sounding in tort for interference by the defendants with plaintiff's water supply . . . ." The Court first dismissed the State of Idaho and the Board of Highway Directors as defendants on the ground that they "are immune from liability for torts of their employees unless such immunity has been waived to the extent of liability insurance obtained by the state . . . ." The Court thus set aside a verdict in favor of plaintiff Gates against the State Highway Department.

Regarding the defendant Pickett & Nelson Construction Co., the Court affirmed the action of the trial court in granting a 41(b) involuntary dismissal on the ground that the act of negligence alleged to have been committed by Pickett & Nelson was not sustained by the evidence. However, the main point of law for which the Gates v. Pickett & Nelson case is noted, and the point for which it has been cited by this Court since in Black v. Peter Kiewit Sons' Co., 94 Idaho 755, 497 P.2d 1056 (1972), and by the trial court in this action, is the proposition that "where a contractor, either the general contractor or a subcontractor, performs his work according to the plans and specifications, the contractor is not liable for damage to property resulting from such construction." 91 Idaho at 842, 432 P.2d at 786.

In stating that proposition, the Court cited three cases. The first case was Puget Sound National Bank of Tacoma v. C. B. Lauch Construction Co., 73 Idaho 68, 245 P.2d 800 (1952). However, the *Puget Sound* case is not really in point since that involved a suit by an assignee of a subcontractor against the contractor for balance due under a painting contract. The case had nothing to do with damage to property of a third person resulting from the work under the contract, and therefore would appear to be inapplicable to the issue before the court in the *Gates* case.

The next case relied upon in *Gates* is Myers v. United States and McLaughlin, Inc., 323 F.2d 580 (CA9, 1963). In that case, two plaintiffs sued the United States and a road contractor in tort for allegedly going outside of the road right of way and damaging their property in the process of constructing a road for the Bureau of Public Roads. Regarding the claim against the contractor, the Court stated:

> "To the extent that the work performed by McLaughlin, Inc., was done under its contract with the Bureau of Public Lands, and in conformity with the terms of said contract, no liability can be imposed upon it for any damages claimed to have been suffered by the appellants. See Yearsley v. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554 (1940)." 323 F.2d at 583.

The *Yearsley* case relied upon in *Myers* involved a claim by a landowner along the Missouri River for damages against a construction company which had constructed certain levees along the Missouri River. The contractor was both building dikes and dredging the river bottom for navigation purposes pursuant to a contract with the U. S. Government. In dismissing the action against the contractor, the Supreme Court stated:

> "It follows that as the Government in such a case promises just compensation and provides a complete remedy, action which constitutes the taking of property is within its constitutional power and there is no ground for holding its agent liable who is simply acting under the authority thus validly conferred. *The action of the agent is 'the act of the government'.* United States v. Lynah, supra [188 U.S. 445, 23 S.Ct. 349, 355, 47 L.Ed. 539]." (Emphasis supplied). 309 U.S. at 21, 60 S.Ct. at 415.

The third case relied upon by the Idaho Supreme Court in *Gates* was Engler v. Aldridge, 147 Kan. 43, 75 P.2d 290 (1938).

In the *Engler* case, a property owner sued a contractor for the Kansas State Highway Commission in tort for damages caused by the flooding of his land allegedly resulting from the construction of a bridge across the river. The Kansas Supreme Court held:

> "It has been repeatedly held that a contractor employed by a municipality to make a public improvement as authorized by statute and who performs the work with proper care and skill is not liable for damages resulting to abutting property owners. 43 C.J. 1111, 44 C.J. 451, and see the annotation on right of contractor with public body to immunity which latter enjoys from liability for damages, 69 A.L.R. 489." 75 P.2d at 293.

A review of authorities cited by the Supreme Court of Kansas and the Supreme Court of the United States in the foregoing cases reflects that the rule exonerating a contractor or a subcontractor who performs his work according to the plans and specifications from liability for damage to property resulting from such construction is really an application of the doctrine of sovereign immunity from tort liability. As the Supreme Court of the United States said in Yearsley v. Ross Construction Co., *supra,* "The action of the agent is the 'act of the government.'" This is reflected by the recent annotation in 9 A.L.R.3d 382 (1966), which updates the 69 A.L.R. 489 (1930) annotation cited by the Kansas Supreme Court in the *Engler* case. As stated by the author of the 9 A.L.R.3d 384 annotation:

> "Many governmental units, federal, state, county or municipal, are immune or partially immune from liability for the acts of their agents and servants in carrying out their governmental functions. The present annotation discusses whether, and under what circumstances, this immunity from liability is shared by private parties who contract with the public body for the performance of public work. *This annotation presupposes the existence of the immunity, whether complete or partial, in favor of the public, and the present question cannot arise except in those jurisdictions which, to some extent, recognize such immunity, or recognized it at the time the question arose.*" 9 A.L.R.3d at 384–385. (Emphasis supplied).

In 64 Am.Jur.2d, Public Works and Contracts (1972), § 135, p. 1007, it is stated:

> "The theory is that one who contracts with a public body for the performance of public work is entitled to share the immunity of the public body from liability for incidental injuries necessarily involved in the performance of the contract, where he is not guilty of negligence and did not employ ultrahazardous methods."

The foregoing analysis of the cases supporting *Gates* indicates that the rule set forth in *Gates* abrogating a contractor's liability to third persons in tort where the contractor follows the plans and specifications of the contract without negligence is derived from the doctrine of sovereign immunity. This raises the question of whether the *Gates* holding is still the law in Idaho in view of our decision in Smith v. State, 93 Idaho 795, 473 P.2d 937 (1970), which prospectively abolished the doctrine of sovereign immunity in tort actions. However, it is unnecessary to decide that question since the *Gates* rule was limited to tort actions and is not applicable where by contract the parties have evidenced an intention to bind the contractor for damages resulting from his contract.

We think such an intention was clearly shown here, thus distinguishing this case from Davis v. Nelson-Deppe, Inc., *supra.* The State of Idaho, in entering into the 1961 right of way contract with the plaintiff Yellowstone Pipe Line Co., agreed that it "and its contractors will be responsible for all damages to the pipeline which are caused by the operation of the materials source." The contract between the State of Idaho and Goodfellow Brothers, Inc., the prime contractor, and Goodfellow's

subcontract with the defendant Grant Construction Co., provided:

"The contractor shall be solely and directly responsible to the owners and operators of [adjacent property] for any damage, injury, expense, loss, inconvenience, or delay or for any suits, actions or claims of any character brought on account of any injuries or damage which may result from the carrying out of the work to be done under the contract."

In construing a similar contract provision in a third party beneficiary suit for severance of a telephone line, the Oregon Supreme Court in Pacific Northwest Bell Telephone Co. v. DeLong Corp., 246 Or. 369, 425 P.2d 498 (1967) held:

"The evident purpose of the conditions in the contract is to make the contractor, directly responsible for damage to property, in this instance, which results from highway construction. It does not appear that these provisions were intended to indemnify the highway commission nor to limit the liability to negligent conduct. The highway commission is justified, for obvious reasons, in relieving a property owner, whose property is damaged by highway construction, of the burden of finding a negligent actor who caused the damage. It is also evident that the contract was intended to make the contractor directly liable to a damaged third person." 425 P.2d at 500.

Appellant's contract argument in this case is even more compelling than in the *Pacific Northwest Bell Telephone Co.* case because here the State of Idaho had specifically contracted with the Yellowstone Pipe Line Co. that the State and its contractors would be responsible for all damages to the pipeline which were caused by the operation of the materials source. In the *Pacific Northwest Bell* case, the only contractual provision which was applicable was that similar to section 107.21 of the Standard Specifications for Highway Construction, 1961 Ed., State of Idaho Department of Highways. *See also* Santa Fe, Prescott & Phoenix Railway Co., v. Grant Construction Co., 228 U.S. 177, 33 S.Ct. 474, 57 L.Ed. 787 (1913).

The trial court's instruction number 9 was error in that it subordinated plaintiff's third party beneficiary action on the contract to the tort theories of Gates v. Pickett & Nelson, *supra,* particularly requiring that plaintiff prove that the defendant did not construct the road according to the plans and specifications, and that contributory negligence of the plaintiff-appellant would be a bar to recovery under the contract. We hold that plaintiff's claim as a third party beneficiary of the contract arises not from any alleged failure of the contractor to construct the road according to the plans and specifications under the tort theory of Gates v. Pickett & Nelson, *supra,* but that plaintiff's claim arises as a result of the alleged failure of the contractor to pay for "any injuries or damage which may result from the carrying out of the work to be done under the contract" as a result of the operation of the materials source. The only issue which should have been submitted by the trial court to the jury in this bifurcated trial was the issue of whether or not the building of the dike by Grant Construction Co. to reach the materials source was the proximate cause of the breakage in appellant's pipeline. The resolution of that fact issue was far from clear. The evidence disclosed that the pipeline had become exposed at several crossings which were unrelated to the construction project, and the jury may well have found against the plaintiff on that issue. That issue must be resolved in a new trial.

Reversed and remanded for a new trial. Costs to appellant.

DONALDSON and McQUADE, JJ., concur.

SHEPARD, Chief Justice (dissenting).

The plaintiff-appellant brought this action on a number of theories, including negligence on the part of the defendant-respondent and that strict liability should be imposed upon the defendant-respondent.

Such theories were only mentioned in passing by the majority opinion and will not be discussed herein. The only point of this dissent is my disagreement with the decision of the majority wherein it holds that the plaintiff-appellant herein was the third party beneficiary of the highway construction contract, and that liability under that contract flowed from defendant-respondent to plaintiff-appellant.

The majority opinion does not deal with the decision of this court in Davis v. Nelson-Deppe, Inc., 91 Idaho 463, 424 P.2d 733 (1967). That case also involved a person who asserted that he was the third party beneficiary of a highway construction contract between the defendant and the Department of Highways. The plaintiff therein relied upon failure to comply with the requirements of the same "standard specifications at issue herein" and the manual on "uniform traffic control devices." The court said:

> "Plaintiff's paramount contention is that the trial court erred in denying his motion to amend his amended complaint to allege a claim for relief based on the theory that he was a third party beneficiary under the contract between the defendant and the Department of Highways and was thus entitled to maintain an action for damages *based upon the breach of this contract*." 91 Idaho at 465, 424 P.2d at 735. (Emphasis supplied)
>
> * * * * * *
>
> "It would appear from the contention of the plaintiff that he would have this court impose an absolute duty of care on the part of the contractor gauged by the contract requirements, regardless of the requirement of causation between *breach and damages* and regardless of what would be the common law standard of reasonable care." 91 Idaho at 465–466, 424 P.2d 735. (Emphasis supplied)

The court refused to accept the plaintiff's theory of third party beneficiary and stated:

> "Absent a manifested intent to the contrary, construction contracts between a contractor and a state or other public body for highway repair or construction of a new highway are generally not considered as being for the benefit of third persons, but are, on the one hand, for the benefit of the State in the performance of its duties to maintain highways on behalf of the public, and, on the other hand, for the benefit of the contractor by way of compensation to be paid." 91 Idaho at 467, 424 P.2d at 737.

Assuming that *Nelson-Deppe* is distinguishable, or that *Nelson-Deppe* is erroneous and should be overruled, I nevertheless continue to disagree with the majority opinion herein.

Plaintiff-appellant attempted to prove at trial, and continues to argue in this court, that the defendant-respondent did not perform its work pursuant to the contract and the specifications. It contends that the river crossing constructed by defendant-respondent was placed at a different location than that specified in the contract. Defendant-respondent contends, however, that the resident engineer of the Highway Department had the right to modify provisions of the contract and did so, modifying the contract as to the location of the river crossing. Therefore defendant-respondent contended at trial, and argues here, that it did perform the contract in accordance with the specifications and therefore that there was no breach.

At this point in time, following a jury trial, we must assume that the change in the location of the river crossing was not a breach of the contract and was in accordance with the directions of the Highway Department. That was a question of fact submitted to, and presumably decided by, the jury in favor of the defendant-respondent.

I come then to what appears to be plaintiff-appellant's principal argument, i.e., that it may recover as a third party beneficiary *regardless of whether there is or is not a breach of the contract.* The majority

agrees with that contention of plaintiff-appellant.

I had always believed that the most fundamental law indicated that a cause of action on a contract accrued at the time oi its breach or nonperformance. Reichert v. General Insurance Co. of America, 68 Cal. 2d 822, 69 Cal.Rptr. 321, 442 P.2d 377 (1968); In re Talbott's Estate, 184 Kan. 501, 337 P.2d 986 (1959); Davenport v. Cabell's Inc., 239 S.W.2d 833 (Tex.Civ App., 1951). It is also fundamental that a breach is an unjustified failure to perform what is promised in a contract. State Automobile & Casualty Underwriters v. Salisbury, 27 Utah 2d 229, 494 P.2d 529 (1972); Restatement of Contracts, § 314; Simpson, Contracts § 187 (2d ed. 1965).

The same fundamental rules of law have been enunciated in State v. Clinger, 72 Idaho 222, 238 P.2d 1145 (1951) and Puget Sound Nat. Bank of Tacoma v. C. B. Lauch Const. Co., 73 Idaho 68, 245 P.2d 800 (1952). Admittedly those cases involved signatory principals to a contract rather than a third party beneficiary, but I see no difference in the law to be applied. The obvious converse of all of the preceding is that no action, for damages, for breach of contract can arise where a promisor has performed in accordance with his promise. Puget Sound Nat. Bank of Tacoma v. Lauch, *supra.*

Assuming as we must that the change in the river crossing did not constitute a breach of contract, then we are told by the majority that a party to a contract can and will sustain liability *under the contract* even though he does precisely, exactly and fully what is required of him by the contract. I suggest that such is a strange result. The majority's interpretation of the contract herein places an insurer's liability on all persons who execute a highway construction contract with the State of Idaho. In this case, that liability results not by reason of the operations of the contractor, but by reason of what the State required the contractor to do.

While the instructions complained of by the plaintiff-appellant, and criticized by the majority opinion, may have been erroneous, in my judgment they were all to the benefit of the plaintiff-appellant. Therefore I would affirm the judgment of the district court.

Lest one might believe that I am suggesting that a property owner might be damaged with impunity because of the sovereign immunity of the state to tort liability, I would make amply clear wherein liability could have been assigned in the case at bar. If we assume that the causative factor for the damage to plaintiff-appellant was under the control and direction of the State by and through its contract, then our previous decisions in Renninger v. State, 70 Idaho 170, 213 P.2d 911 (1950), and Hughes v. State, 80 Idaho 286, 328 P.2d 397 (1958) make it amply clear that there is liability for the action of the State. These cases make it difficult to understand the reason why the State was dismissed from the present action on the stipulation of plaintiff-appellant.

The majority herein attempts to distinguish the case of Gates v. Pickett & Nelson Construction Co., 91 Idaho 836, 432 P. 2d 780 (1967). On a factual pattern substantially similar to that of the case at bar (albeit and *Gates* there was too little water, while here and in *Renninger* there was a surfeit) the court held the action sounded properly in tort and was one for inverse condemnation. The district court held in the case at bar that the action sounded in tort. In *Gates* the construction contractor was in privity with the same highway department and I would suppose the same specifications were in effect regarding the liability of the contractor to third parties. Nevertheless, the court there stated that the action sounded in tort.

The majority herein places reliance on the case of Pacific Northwest Bell Telephone Co. v. DeLong Corp., 246 Or. 369, 425 P.2d 498 (1967). That decision speaks not to whether the contractor followed the plan and specifications for construction or whether he was in breach of contract by failure to do so. Since the state was not named in *DeLong,* I would assume that the actions of the construction contractor

which resulted in the damage were outside the provisions of the contract. In fairness, however, I must state that no indication one way or the other is contained in that decision.

I must finally reject any relevance attached by the majority opinion to the 1961 agreement between the plaintiff-appellant herein and the Highway Department. There is no showing here or at trial that defendant-respondent was a party to that contract, was aware of its existence, or agreed to be bound by it. Absent some such showing, I am aware of no theory of law that so attempts to bind a non-contracting person to a "third party liability." I would point out additionally that no theory of estoppel of any kind was pleaded or argued. That contract may have given some cause of action against the Department of Highways for a breach thereof because the Department was one of the contracting parties, but that action evidently was stipulated away.

I would affirm the decision of the trial court.

McFADDEN, J., concurring in dissent.