134 P.3d 648

CRAIG JOHNSON CONSTRUCTION, L.L.C., an Idaho limited liability company; and West American Insurance Company, an Ohio corporation, Plaintiffs–Appellants,

v.

FLOYD TOWN ARCHITECTS, P.A., an Idaho professional corporation; Floyd Town, an individual; and Does I through X, Defendants–Respondents.

Floyd Town Architects, P.A., and Floyd Town, an individual, Third–Party Plaintiffs–Respondents,

v.

The Dean Family Partnership, LP, Third–Party Defendant–Appellant.

No. 31448.

Supreme Court of Idaho, Boise, February 2006 Term.

April 24, 2006.

Brady Law, Chtd., Boise, for appellants. Michael G. Brady argued.

Howard, Lopez & Kelly, P.L.L.C., Boise, for respondents. Michael E. Kelly argued.

TROUT, Justice.

This appeal is brought by appellants Craig Johnson Construction, L.L.C. (Johnson) and West American Insurance Company against respondents Floyd Town Architects, P.A. and Floyd Town (collectively, Town). The appeal arises out of an action brought by Johnson, the contractor, to recover for damages caused by ice dams and ice build-up on the roofs of certain condominiums located in Ketchum, Idaho, and a third party action brought by Town, the architect, against Dean Family Partnership, L.P. (Dean), the developer, for indemnification and breach of their contract for architectural services.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Town entered into a contract with Dean to prepare a "builder's set" of architectural drawings for condominiums in Ketchum. Such a set of plans is described in the contract as "sufficient to obtain a building permit; however, all materials and methods of construction necessary to complete the project are not necessarily described in this 'builder's set.'" The contract also noted, "[t]he implementation of the plans requires a Client/Contractor thoroughly knowledgeable with the applicable building codes and methods of construction."

Subsequently, Johnson entered into a contract with Dean to build the condominiums. Dean was to provide Johnson with Town's plans. Construction for the condominiums was done in two phases: Phase I was completed in April 1998, and Phase II, which was started in April 1998, was completed in March 1999. Apparently, Johnson deviated from Town's plans in Phase I, but did not do so in Phase II. Beginning in the winter of 1997/1998 and continuing through the next two winters, ice dams formed on the roofs of the Phase I and the Phase II condominiums, causing leaks and property damage to individual units.

Johnson's insurer paid the condominium owners almost $460,000 for the cost to repair the damage and fix the roof problems, and Town's insurer subsequently reimbursed Johnson for $205,000. Johnson filed a complaint against Town, seeking compensation for the remaining $255,000 that Johnson had to pay. Town then filed a third-party complaint against Dean pursuant to a hold harmless provision in their contract, arguing that if Town were forced to pay Johnson, Town

should be fully indemnified by Dean for the $205,000 Town had paid. Finally, Dean filed a counter-claim against Town, claiming breach of contract due to Town's alleged negligence in preparing the architectural plans.

Before trial, Town and Dean stipulated they would be bound by the jury's determination in the action between Johnson and Town and that would settle the controversy between Town and Dean. Thus, the jury only considered whether and to what extent Johnson and/or Town acted negligently. At trial, Johnson requested a jury instruction stating a contractor is only liable for improper workmanship and the sole responsibility for any design defects lies with the designer, if the contractor performs according to the plans. The district court refused to give that instruction and instead gave an ordinary negligence instruction. The jury found Johnson 90% at fault and Town 10%.

Johnson moved for a new trial pursuant to Idaho Rule of Civil Procedure 59(a)(7), arguing the district court erred in failing to give his requested jury instruction regarding the standard of care of a contractor, and also under I.R.C.P. 59(a)(6), claiming the evidence at trial was insufficient to justify the jury's verdict. Town made a request for payment of his attorney fees pursuant to his contract with Dean. The district court determined the evidence did not support the requested jury instruction because the evidence showed Johnson did not follow Town's designs exactly. Also, the district court determined the jury verdict was not against the weight of the evidence, as there was sufficient evidence to show Johnson was negligent in the construction of the condominiums and Johnson did not follow Town's plans. The district court awarded attorney fees in favor of Town based on the court's interpretation of a provision in the contract between Town and Dean. Johnson timely appealed.

## II. STANDARD OF REVIEW

■ "The correctness of jury instructions 'is a question of law over which this Court exercises free review, and the standard of review of whether a jury instruction should or should not have been given, is

whether there is evidence at trial to support the instruction.'" *Bailey v. Sanford,* 139 Idaho 744, 750, 86 P.3d 458, 464 (2004)(quoting *Clark v. Klein,* 137 Idaho 154, 156, 45 P.3d 810, 812 (2002)). A requested jury instruction must be given if it is supported by any reasonable view of the evidence, *Bailey,* 139 Idaho at 750, 86 P.3d at 464, but the determination of whether the instruction is so supported is committed to the discretion of the district court. *State v. Elison,* 135 Idaho 546, 552, 21 P.3d 483, 489 (2001). Clearly, a requested jury instruction need not be given if it is either an erroneous statement of the law, adequately covered by other instructions, or not supported by the facts of the case. *State v. Eastman,* 122 Idaho 87, 89, 831 P.2d 555, 557 (1992). Even so, when the instructions taken as a whole do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error. *Bailey,* 139 Idaho at 750, 86 P.3d at 464.

■ The district court is given broad discretion to grant or deny a motion for a new trial based on sufficiency of the evidence made pursuant to I.R.C.P. 59(a)(6). *Sheridan v. St. Luke's Regional Medical Center,* 135 Idaho 775, 780, 25 P.3d 88, 93 (2001). In determining whether that discretion has been abused, this Court must consider (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Id.* While this Court must necessarily review the evidence, we have recognized limitations on our review:

> The trial court is in a far better position to weigh the demeanor, credibility and testimony of witnesses, and the persuasiveness of all the evidence. Appellate review is necessarily more limited. While we must review the evidence, we are not in a position to "weigh" it as the trial court can.

*Id.* (quoting *Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187 (1986)).

■ Idaho Rule of Civil Procedure 59(a)(7) states a district court may grant a

new trial for an "error in law, occurring at the trial." The district judge is vested with wide discretion to grant or deny a new trial where substantial rights of the aggrieved party are not affected and that party is not entitled to a new trial as a matter of right. *Rockefeller v. Grabow*, 136 Idaho 637, 645, 39 P.3d 577, 585 (2001). Where prejudicial errors of law have occurred, however, the district court has a duty to grant a new trial under Rule 59(a)(7), even though the verdict is supported by substantial and competent evidence. *Id.*

## III. DISCUSSION

There are three issues raised in this appeal: (1) whether the district court's refusal to give the requested jury instruction was an error of law; (2) whether the jury verdict was supported by sufficient evidence; and (3) whether the contract between Town and Dean may be the basis of an attorney fee award in the Johnson/Town litigation.

### A. Error of Law

We note at the outset that there was obviously a dispute in the evidence about whether Johnson correctly followed Town's plans and whether Johnson was entitled to rely on the "builder's set" of plans. Nevertheless, the jury apparently concluded Johnson did not follow the plans and, as a result, was negligent. On appeal, Johnson argues about the jury's consideration of this evidence and how the jury might have decided the case had it been properly instructed. Rather than addressing the factual disputes, we will focus on the error of law in instructing the jury claimed by Johnson.

The district court refused to give to the jury the following jury instruction requested by Johnson:

A contractor such as Craig Johnson Construction, LLC is required to follow the plans and specifications, and when he does so, he cannot be held to guarantee that the work performed as required by his contract will be free from defects or that the completed job will accomplish the purpose intended. The contractor is only responsible for improper workmanship or other faults or defects resulting from his own

failure to perform. If the contractor performs according to the plans and specifications, the sole responsibility for any design defects lies with the designer, in this case, Floyd Town and/or Floyd Town Architects, P.A.

*Gates v. Pickett & Nelson Construction Co.,* 91 Idaho 836, 844, 432 P.2d 780, 788 (1967); *Garrett Freightlines v. Bannock Paving Co.,* 112 Idaho 722, 731, 735 P.2d 1033, 1042 (1987) Johnson contends this jury instruction is a proper statement of Idaho law and the district court committed reversible error by giving a general negligence instruction, instead.

While this Court has previously recognized a limitation on a contractor's liability in the public works context, the issue of whether a contractor in a purely private setting is entitled to the same defense in tort actions is an issue of first impression for this Court. The "contract specifications" defense was first announced by this Court in a contracts case, *Puget Sound Nat. Bank of Tacoma v. C.B. Lauch Const. Co.,* 73 Idaho 68, 245 P.2d 800 (1952). Since *Puget Sound,* the rule has been applied to insulate government contractors in tort actions where the contractor did not otherwise engage in tortious conduct. *See Gates v. Pickett & Nelson Const. Co.,* 91 Idaho 836, 432 P.2d 780 (1967); *Black v. Peter Kiewit Sons' Co.,* 94 Idaho 755, 497 P.2d 1056 (1972); *Green v. Bannock Paving Co.,* 111 Idaho 3, 720 P.2d 186 (1986); *Garrett Freightlines, Inc. v. Bannock Paving Co., Inc.,* 112 Idaho 722, 735 P.2d 1033 (1987); *see also Nielsen v. George Diamond Vogel Paint Co.,* 892 F.2d 1450, 1455 (9th Cir.1990) ("Under Idaho law it is clear that a government contractor following plans and specifications prepared by the government is not liable in negligence for injuries attributable to defects in those specifications and not reasonably known to the contractor."). This Court, in *Yellowstone Pipe Line Co. v. Grant Const. Co., Inc.,* 95 Idaho 794, 520 P.2d 249 (1974), stated the rule limiting contractor liability had its roots in the doctrine of sovereign immunity. *Id.* at 799, 520 P.2d at 254. Though the *Yellowstone* Court questioned its continuing viability in light of the partial abrogation of that doctrine (*see Smith v.*

*State*, 93 Idaho 795, 473 P.2d 937 (1970); I.C. §§ 6–901 to 928), we are persuaded the rule also rests on the firm foundation of the simple negligence principle that liability flows from fault.

■ Consequently, we hold that a public or private contractor following plans and specifications prepared by another party is not liable in negligence where defects in the plans and specifications cause injuries, so long as the contractor should not have reasonably known about the defects. Such a ruling protects the reasonable reliance of the contractor on plans generated by another party, and at the same time respects the general proposition that where there is no fault, there should be no liability, regardless of the character of the parties involved. Of course, there will remain factual questions such as whether the defects should have been known by the contractor, or whether a particular set of plans was sufficient such that a reasonable contractor would have relied on them, but these questions are best left for resolution by the fact finder.

■ While we have today clarified that the protections of the contract specification defense apply to private contractors, this clarification of Idaho law does not salvage Johnson's proposed jury instruction. Johnson's instruction is an incorrect statement of the law because it makes no mention of the contractor's obligation to respond to any defects the contractor should have noticed. Instead, the instruction absolves a contractor from liability where the plans are followed and injuries result, regardless of whether a reasonable contractor would have known of defects in the plans. Johnson's proposed jury instruction impermissibly expands the scope of protection afforded a contractor in a tort action. For this reason, the district court properly refused the instruction and we affirm the district court's denial of a new trial on that basis.

**B. Sufficiency of the Evidence**

■ I.R.C.P. 59(a)(6) states that a new trial may be granted based on "[i]nsufficiency of the evidence to justify the verdict or other decision, or that it is against the law." In ruling on a motion, "the trial judge may grant a new trial based on I.R.C.P. Rule 59(a)(6) where, after he has weighed all the evidence, including his own determination of the credibility of the witnesses, he concludes that the verdict is not in accord with his assessment of the clear weight of the evidence." *Quick v. Crane*, 111 Idaho 759, 766, 727 P.2d 1187, 1194 (1986). Johnson contends the district court abused its discretion in denying the motion for a new trial because the clear weight of the evidence pointed to Town's negligently prepared plans as the cause of the damage to the condominium roofs. Johnson claims the jury's verdict apportioning only 10% of the fault to Town, along with the district court's concurrence there was sufficient evidence to support the jury verdict, is inconsistent with the evidence presented at trial.

Johnson relies heavily on the "uncontradicted" testimony of his expert, Terry Anderson, to support his contention that Town's defective roof design was wholly responsible for the damages. Anderson, a roofing consultant, testified the 38' of ridge venting required 38' of eave venting for the roof system to work, but Town testified only 12'6" of eave venting was required here. Anderson claimed a 7" screen vent was necessary, while Town stated a 4" vent was sufficient. Given that Anderson was neither an engineer nor an architect, and Town's attorney pointed out Anderson may have had a motive in finding a "design flaw" because Anderson knew he would likely be the person hired to redesign the roof system—which he ultimately was—it is possible the jury found Anderson not credible.

Importantly, Town testified his plans did not designate a specific ventilation system or the placement of insulation. Town also stated he attended an informal meeting with Dean and Johnson in July 1999, during which possible remedies were discussed, but that Dean never asked him to draw up additional plans and Johnson "went ahead and implemented those fixes beyond my control." Town testified the "fix that Johnson had incorporated on his own behalf exacerbated the problem, and that was where the leaking was occurring" on the Phase II condominiums. Even Anderson testified "the fix prob-

ably made it a little bit worse, not better." Thus, in determining whether either party's breach of its duty was the proximate cause of the damages, the jury's allocation of fault is supported by the evidence. The jury may have considered the limited role Town played in the project due to the contract provision that Town was to provide, and Dean only paid for, a "builder's set" of plans. Also, the jury could have considered the clause in the contract and on the plans that required Johnson to notify Town if there were something wrong with the plans. Finally, the jury may have questioned Anderson's testimony because he admitted he never saw the project before Johnson performed his "fixes" and he had never looked at Johnson's placement of the insulation before rendering his opinion.

Based on the evidence, the jury could have reasonably concluded Town fulfilled his obligations under the contract and the damages were, for the most part, caused by the independent actions of Johnson. The district court concluded there was sufficient evidence to show Johnson's negligence and that Johnson did not follow Town's plans. The district court did not abuse its discretion in denying Johnson's motion for a new trial.

## C. Attorney Fees

▌ Pursuant to the contract between Dean and Town, the district court awarded Town attorney fees in the amount of $69,000. The contract between Dean and Town, however, is not a proper basis for attorney fees in the action between Johnson and Town. While Dean did agree to be bound by the jury's verdict in the Town/Johnson litigation, that verdict addressed only the relative negligence of Town and Johnson and ignored the issue of attorney fees. Because Johnson was not a party to the contract between Town and Dean, that contract cannot be the basis for an attorney fee award against Johnson for fees incurred in the Town/Johnson litigation. The district court's award of attorney fees is reversed.

## D. Attorney Fees on Appeal

▌ Both parties request costs and attorney fees on appeal pursuant to Idaho Appellate Rules 40 and 41, and I.C. §§ 12-120(3)

and 121. Johnson merely cites to the rules and statutes, whereas Town actually quotes them; neither party, however, presented arguments justifying an award of attorney fees. This Court has denied attorney fees on appeal where:

> neither party addressed the issue in the argument section of their briefs as required by I.A.R. 35(a)(6), which requires the argument portion of the brief to "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes, and parts of the transcript and record relied on."

*Weaver v. Searle Bros.*, 131 Idaho 610, 616, 962 P.2d 381, 387 (1998). Based on *Weaver*, neither party is entitled to attorney fees on appeal.

## IV. CONCLUSION

Because Johnson's requested jury instruction was not an accurate statement of Idaho law, the district court did not abuse its discretion in submitting a general negligence instruction instead of giving the instruction proposed by Johnson. We also agree with the district court that there was sufficient evidence to support the jury's apportionment of fault. For these reasons, the district court's denial of Johnson's motion for a new trial is affirmed. We reverse the district court's award of attorney fees in Town's favor against Johnson. Given the result, both parties shall bear their own costs on appeal.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.