**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 31047/31163**

| | | |
|---|---|---|
| THE VANDERFORD COMPANY, INC., a Nevada corporation; and PRIMARY RESIDENTIAL MORTGAGE, INC., a Nevada corporation, fka VANDERFORD CENTER, INC., | ) ) ) ) ) ) | |
| Plaintiffs-Counterdefendants-Appellants-Cross Respondents, | ) ) ) | |
| v. | ) ) | |
| PAUL KNUDSON, personally and individually, AUSTIN HOMES, LLC., a Utah limited liability company, J. R. DEVELOPMENT, LLC, a Utah limited liability company, and JOHN DOES 1-20, | ) ) ) ) ) ) | Boise, March 2007 Term 2007 Opinion No. 97 |
| Defendants, | ) ) | Filed: July 13, 2007 Stephen W. Kenyon, Clerk |
| and | ) ) | |
| THE PINES TOWNHOMES, LLC, an Idaho liability, | ) ) ) | |
| Defendant-Counterclaimant, | ) ) | |
| and | ) ) | |
| RICHARD I. GREIF and JODY L. GREIF, | ) ) | |
| Defendants-Counterclaimants-Respondents-Cross Appellants. | ) ) ) | |

|  | ) |
| and | ) |
|  | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY,** | ) |
|  | ) |
| Intervener. | ) |
| ---------------------------------------------------------- | ) |
| **RICHARD I. GREIF and JODY GREIF,** | ) |
| **husband and wife; THE PINES** | ) |
| **TOWNHOMES, LLC., an Idaho limited** | ) |
| **liability company,** | ) |
|  | ) |
| Cross-Claimants, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **PAUL KNUDSON, personally and** | ) |
| **individually, AUSTIN HOMES, LLC., a Utah** | ) |
| **limited liability company, J. R.** | ) |
| **DEVELOPMENT, LLC., a Utah limited** | ) |
| **liability company,** | ) |
|  | ) |
| Cross-Defendants. | ) |
| ---------------------------------------------------------- | ) |
| **PAUL KNUDSON, personally and** | ) |
| **individually,** | ) |
|  | ) |
| Cross Defendant-Counter Cross | ) |
| Claimant, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **RICHARD I. GREIF, JODY L. GREIF, THE** | ) |
| **PINES TOWNHOMES, LLC., an Idaho** | ) |
| **limited liability company,** | ) |
|  | ) |
| Counter-Cross Defendants. | ) |

Appeal from the Third Judicial District of the State of Idaho, Payette County. Honorable Stephen W. Drescher, District Judge.

The decision of the district court is vacated in part and remanded.

2

Brassey, Wetherell, Crawford & McCurdy, LLP, Boise; Parry Anderson & Gardiner, Salt Lake City, Utah, attorneys for appellants Vanderford. Douglas J. Parry argued.

R. Brad Masingill, Weiser; Troupis Law Office, Meridian, attorneys for respondents Greifs. Christ T. Troupis argued.

Elam & Burke, P.A., Boise for intervenor State Farm Fire and Casualty Company. Jeffrey A. Thomson argued.

---

SCHROEDER, Chief Justice.

The Vanderford Co. (Vanderford) initially brought suit to recover loan funds and foreclose on properties owned by the Pines Townhomes, LLC or Richard and Jody Greif (collectively "the Greifs"). Each of the parties involved asserted numerous claims and defenses during a ten day jury trial. This appeal followed.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Paul Knudson and Richard Greif entered into a business arrangement for the development of real estate in Payette called the Pines Townhomes, LLC (the LLC). They planned to receive loans from Vanderford because one of Knudson's brothers was the president and two of his brothers were managers at Vanderford. Vanderford loaned several hundred thousand dollars in short term loans for the construction and development of projects including the Pines Townhomes (the Pines). Loans for the development of the Pines were financed through loan number 482 (Loan 482) and secured by a deed of trust on the portion of the property to be improved by the loan. The LLC was unable to sell the properties as planned in order to repay the Vanderford short-term loans. The LLC's operating agreement provided that either partner could purchase the units. Greif and his wife Jody Greif claim they purchased all 35 town homes as investment properties. However, Knudson claims that the properties were not purchased, but that he and Richard Greif agreed that Greif would hold them in trust for the LLC to be used as rental units. The Greifs signed two notes and trust deeds (the Greif Trust Deeds) in order to make themselves personally liable for $180,000 of the LLC's construction loan debt. The parties dispute their reasons for signing the Greif Trust Deeds.

3

Vanderford filed suit seeking to recover loan funds of approximately $500,000 and to foreclose on the Greif Trust Deeds. A jury trial was held. The jury found: (1) a contract between Vanderford and the Greifs which was not breached; (2) no unjust enrichment due to the dealings between Vanderford and the Greifs; (3) a breached contract between the Pines and Vanderford with damages of approximately $153,000; (4) no unjust enrichment due to the dealings between the LLC and Vanderford; (5) no contract between Knudson and the Greifs; (6) Greifs were unjustly enriched in the amount of $237,500 through their dealings with Knudson; (7) no slander of title against the properties; and (8) Vanderford was not negligent when it did not release liens against the properties. Based on the jury's findings, the trial court did not allow Vanderford to foreclose.

Knudson and Vanderford appealed and the two appeals were consolidated. Vanderford claims that the court erred in its jury instructions, in not allowing Vanderford to foreclose and in quieting title to the Greifs. Greif claims that there was no legal basis to award Knudson additional compensation as unjust enrichment and that the court erred by failing to grant its requested jury instructions. State Farm, as intervenor, claims that the district court abused its discretion when it denied Greif's motion for attorney fees. Knudson did not file a brief. Vanderford, the Greifs, and State Farm seek attorney fees on appeal.

## II.
## STANDARD OF REVIEW

This Court will not overturn a jury verdict if it is supported by substantial and competent evidence, *VFP VC v. Dakota Co.*, 141 Idaho 326, 335, 109 P.3d 714, 723 (2005); however, this Court will freely review the conclusions of law. *Magic Valley Foods, Inc. v. Sun Valley Potatoes, Inc.*, 134 Idaho 785, 788, 10 P.3d 734, 737 (2000); *Great Plains Equip. v. N.W. Pipeline*, 132 Idaho 754, 760, 979 P.2d 627, 633 (1999). When this Court reviews an alleged abuse of discretion by the trial court, this Court must determine whether the trial court: (1) correctly perceived the issue as one of discretion (2) acted within the boundaries of such discretion and consistently with the legal standards applicable to the specific choices before it; and (3) reached its decision by an exercise of reason. *Athay v. Stacey*, 142 Idaho 360, 366, 128 P.3d 897, 903 (2005).

"The correctness of jury instructions 'is a question of law over which this Court exercises free review, and the standard of review of whether a jury instruction should or should not have

4

been given, is whether there is evidence at trial to support the instruction.'" *Craig Johnson Constr., L.L.C. v. Floyd Town Architects, P.A.*, 142 Idaho 797, 800, 134 P.3d 648, 651 (2006) (quoting *Bailey v. Sanford*, 139 Idaho 744, 750, 86 P.3d 458, 464 (2004)). A jury verdict must be upheld if there is evidence of sufficient quantity and probative value that reasonable minds could have reached a similar conclusion to that of the jury. *Horner v. Sani-Top, Inc.*, 143 Idaho 230, 233, 141 P.3d 1099, 1102 (2006) (citing *Hudson v. Cobbs*, 118 Idaho 474, 478, 797 P.2d 1322, 1326 (1990)). The awarding of attorney fees under I.C. 12-120(3) is reviewed for an abuse of discretion. *Fox v. Mountain West Elec., Inc.*, 137 Idaho 703, 711, 52 P.3d 848, 856 (2002). To prove an abuse of discretion this Court looks to three factors: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of its discretion and consistent with legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Id.* However, whether a statute awarding attorney fees applies to a given set of facts is a question of law and subject to free review. *Ransom v. Topaz Marketing, L.P.*, 143 Idaho 641, 644, 152 P.3d 2, 5 (2006).

## III.
## THE TRIAL COURT DID NOT ERR WHEN IT DID NOT GRANT VANDERFORD THE RIGHT TO FORECLOSE ON THE GREIF TRUST DEEDS

Vanderford claims that the district court erred when it did not allow foreclosure on the Greif Trust Deeds. Idaho Code § 6-101(2) provides that the section "must be construed in order to permit a secured creditor to realize upon collateral for a debt or other obligation agreed upon by the debtor and creditor." In the present case, the parties' arguments at trial disputed whether collateral was agreed upon for a debt. Each side argues that the jury's special verdict supports their view.

Jury's Findings. The jury found that there was a contract between Vanderford and the Greifs. The jury found that this contract was not breached and that the Greifs were not unjustly enriched through their dealings with Vanderford. The Greifs assert that due to these findings, Vanderford cannot foreclose on the Greif Trust Deeds. The jury also found that Vanderford and the LLC had a contract that the LLC breached and that Vanderford's damages due to the LLC's

5

breach were $153,177.49. Vanderford claims that the Greif Trust Deeds are security on the contract breached with the LLC and it can foreclose.

In construing the findings of a verdict, a court has a duty to reconcile the jury's answers based on the evidence and instructions given. *Basterrechea Distrib., Inc. v. Idaho State Bank*, 122 Idaho 572, 575, 836 P.2d 518, 521 (1992). The verdict should be read in a manner which makes it consistent when read as a whole. *Id.* The special verdict form had questions pertaining to a contract between the LLC and Vanderford as well as a contract between the Greifs and Vanderford. Instruction 32, regarding the contract between the Greifs and Vanderford begins, "The terms of the contract between The Vanderford Co. and the Greifs (Deeds of Trust and Notes in the amounts of $100,000 & $80,000) are in dispute as to the following provisions." This instruction makes it clear that when the jury decided that there was no breach of the contract between the Greifs and Vanderford, the contracts referred to were the Greif Trust Deeds and Notes. The jury was presented with the arguments that Vanderford now makes and it determined that the Greifs had no liability to Vanderford.

Vanderford claims that because the jury found that it had a valid contract with the Greifs and that the LLC breached its agreement with Vanderford, the Greif Trust Deeds can now be foreclosed upon. Vanderford alleges that by signing the Greif Trust Deeds and Notes, the Greifs' personally guaranteed the LLC's Loan 482. Vanderford bases this argument upon "additional collateral" and "cross-collateralization" clauses within the Notes. The cross-collateralization clauses state that the security interest granted in the note also collateralizes with any other indebtedness the borrower may have with the lender. Vanderford's interpretation of the cross-collateralization clause erroneously assumes that the Greifs are the same borrower as the LCC while they are two different entities. *See* I.C. § 30-1-140(13), (21).

The additional collateral clauses state that "this Note is additional collateral for an existing loan on The Pines Townhomes Subdivision… and constitutes an amendment to and an addition of collateral under the terms of… Loan No. 482." This is the specific language which Vanderford asserts allows them to foreclose on the properties within the Trust Deeds. However, the Notes do not incorporate the real property in the Trust Deed as collateral on the prior loan. The Notes only grant Vanderford the Note as collateral which merely grants them the loan document as security for the loan. This language conveys a useless security to Vanderford. Idaho law states that language in a guaranty agreement that is clear and unambiguous must be

interpreted according to the language employed. *McGill v. Idaho Bank & Trust Co.*, 102 Idaho 494, 497-98, 632 P.2d 683, 686-87 (1981). If the Court engages in construction of the agreement, it must be interpreted in favor of the guarantor. *Id.*

The language in the Greif notes fails to confer any real property as collateral. The language grants the notes as collateral rather than the trust deeds. Additionally, it appears that the jury considered the Vanderford argument and found that the Greifs were not liable to Vanderford.

Court's Findings. Vanderford next argues that the district court failed to make the required findings of fact and conclusions of law under I.R.C.P. 52(a). A foreclosure proceeding is an equitable proceeding where the jury's verdict is only advisory. *Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 274, 824 P.2d 841, 849 (1991). In such proceedings, I.R.C.P. 52(a) requires that a court make findings of fact and conclusions of law. Rule 52(a) states:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; .… Requests for findings are not necessary for the purposes of review. Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it. … If an opinion or memorandum decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary in support of a judgment by default, or an interlocutory order made pursuant to a show cause hearing or on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b); in all instances findings of fact and conclusions of law may be waived by stipulation of all parties upon approval by the court. A written memorandum decision issued by the court may constitute the findings of fact and conclusions of law only if the decision expressly so states or if it is thereafter adopted as the findings of fact and conclusions of law by order of the court.

Findings required by Rule 52(a) should be clear, coherent, and complete while avoiding an unnecessary review of the evidence. *Browning v. Ringel*, 134 Idaho 6, 14, 995 P.2d 351, 359 (2000). In *Bliss Valley Foods*, a trial judge did not make any findings of fact in a post-trial foreclosure motion and based his decisions solely on the jury verdict. *Bliss Valley Foods*, 121 Idaho at 274, 824 P.2d at 849. The trial court stated that "[i]f this had been a court trial, I would have found for 'the Bank' based upon my own findings of fact from my own observation of the

7

evidence and my determination of credibility of witnesses." *Id.* This Court held that the trial court erred when it failed to make its own findings. Due to other issues in the case a new trial was necessary and the Court held that the trial court's findings of facts and conclusions of law should be based upon the evidence at the new trial.

The absence of findings may be disregarded by an appellate court where the record is clear and yields an obvious answer to the relevant question. *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982). The purpose of the underlying rule is to "afford the appellate court a clear understanding of the basis of the trial court's decision, so that it might be determined whether the trial court applied the proper law to the appropriate facts in reaching its ultimate judgment." *Id.* In *Pope* the Court was not able to determine whether the trial court recognized or properly applied the law in its decision concerning an attempted monopoly, but the Court did not remand the case for further findings because its review of the record led to the conclusion that no attempted monopoly existed.

In the present case the trial court did not make separate findings of fact and conclusions of law in a motion or memorandum, but it did discuss its decision in an order. The district court cited the jury's findings, including the finding that the Greifs and Vanderford had a valid contract. It determined that such a jury finding did not necessarily mean that the liens are valid and enforceable. The court, basing its findings upon the special verdict, concluded that Vanderford could not foreclose and that the liens should be quashed and title quieted in the Greifs' names. The order is not detailed, but it does cite to findings of fact made by the jury and makes further findings. The order does not state the basis of the decision. However, the transcript of the hearing makes it clear that the decision denying foreclosure was based on the jury's findings. The trial court stated that "the LLC alone is the judgment debtor" and that Vanderford can foreclose against the LLC, but not against Greif personally.

The findings of fact and conclusions of law are sufficient to meet the purpose of the rule. The trial court did not rule contrary to its findings due to a jury verdict as was the case in *Bliss Valley Foods*. The court used the jury's verdict to draw further conclusions which it articulated in its order and when the parties presented their post-trial motions.

# IV.
## THE COURT WILL NOT CONSIDER WHETHER THE TRIAL COURT ERRED WHEN IT QUASHED THE LIEN ON THE GREIF TRUST DEEDS AND QUIETED TITLE TO THE PROPERTIES IN THE GREIFS

Vanderford argues that the plain language of the Notes shows that they are additional collateral for Loan 482. The jury found that there is a binding contract between Vanderford and the Greifs. Consequently, argues Vanderford, the trial court ignored the evidence and misapplied the jury's findings.

Vanderford fails to support its argument with any legal authority. *See Huff v. Singleton*, 143 Idaho 498, 500, 148 P.3d 1244, 1246 (2006) (issues not supported by legal argument or authority will not be considered by this Court). Vanderford argues this point solely on the facts and provides no reference to law. While Vanderford claims that it cannot find any case law on the subject because the trial court's decision is inconsistent with any legal principle, it does not provide any reference to the legal standard a court should apply when quashing a lien and quieting title to a property. The Court will not consider the argument.

# V.
## THE TRIAL COURT DID NOT PROPERLY INSTRUCT THE JURY

A party is entitled to have its theory of the case included in the instructions given to the jury if that theory is supported by any reasonable view of the evidence. *Doty v. Bishara*, 123 Idaho 329, 334, 848 P.2d 387, 392 (1992). Vanderford argues that the trial court's instructions were inconsistent with Vanderford's theory of the case that Richard Greif and Knudson were parties to the agreement. Further, Vanderford maintains that the trial court erred when it failed to instruct on alternative theories of liability against Greif including fraudulent transfer and alter ego.

This Court reviews jury instructions to determine whether the instructions, as a whole, fairly and adequately present the issues and state the law. *Newberry v. Martens*, 142 Idaho 284, 287, 127 P.3d 187, 190 (2005). A requested jury instruction must be given when it is supported by any reasonable view of the evidence. *Craig Johnson Constr., L.L.C. v. Floyd Town Architects, P.A.*, 142 Idaho 797, 800, 134 P.3d 648, 651 (2006) (citing *Bailey v. Sanford*, 139 Idaho 744, 750, 86 P.3d 458, 464 (2004)). An instruction is not to be given if it is an erroneous statement of the law, not supported by the facts, or adequately covered by the other instructions. *Id.* Jury instructions are to be viewed as a whole in determining whether the jury was properly

9

and adequately instructed on the applicable law. *Alderson v. Bonner*, 142 Idaho 733, 744, 132 P.3d 1261, 1272 (Ct. App. 2006). An erroneous instruction does not constitute reversible error when the instructions taken as a whole do not mislead or prejudice a party. *Craig Johnson Constr., L.L.C.*, 142 Idaho at 800, 134 P.3d at 651. Reversible error occurs when an instruction misleads the jury or prejudices a party. *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 51, 995 P.2d 816, 821 (2000) (citing *Lawton v. City of Pocatello*, 126 Idaho 454, 462, 886 P.2d 330, 338 (1994)). However, the determination of whether the instruction is supported by the facts is committed to the discretion of the district court. *Craig Johnson Constr., L.L.C.*, 142 Idaho at 800, 134 P.3d at 651 (citing *State v. Elison*, 135 Idaho 546, 552, 21 P.3d 483, 489 (2001)).

The trial court determined that due to the parties' tendency to file lengthy pleadings and response pleadings and assert innumerable causes of action, it was necessary to reduce the case to its essentials, those being breach of contract and unjust enrichment claims. The trial court also thought there may be negligence, failure to reconvey and slander of title claims and instructed on these issues. The trial court stated that its decision was made in an effort to make the two-week trial seem more comprehensible to the jury so that the significant issues would be decided. Five issues are raised as to jury instructions: (1) that Vanderford failed to adequately object through a blanket objection; (2) that the court erred by instructing the jury on its own theory of the case regarding Richard Greif and Knudson's oral agreement; (3) that the court abused its discretion by its implicit finding that the evidence does not support the fraudulent conveyance and alter ego instructions; (4) that the court erred by failing to give a slander of title instruction; and (5) that the court erred by failing to give a breach of contract instruction. <u>Blanket Objection.</u> Rule 51(b) currently requires a specific objection to an instruction. The version of Rule 51(b) in effect at the time of trial did not:

> The court may give instructions to the jury at any time, and at various times, during the trial, all of which shall be made written instructions and constitute part of the record. After the court makes all rulings on requested instructions and objections, and advises the parties of the final instructions to be given, the court shall read to the jury the written instructions before the final arguments of the parties are given. …

In the older rule there is no requirement of a specific objection stating the grounds distinctly. Vanderford complied with the requirements of the rule in effect at the time of trial.

Oral Agreement (Rental Pool). Vanderford argues that the district court erred by presenting its own theory of the case in jury instructions. Vanderford claims that the instruction which included Jody Greif as a party to the alleged contract between Knudson and Richard Greif put forth the court's theory of the case. Vanderford was attempting to prove Richard Greif and Knudson had an oral rental pool agreement that Greif would hold the town homes in trust for the LLC as beneficial owner because such an agreement would make the properties available to Vanderford when trying to satisfy judgment against the LLC. Greif argues that the jury correctly found that there was no rental pool agreement. However, that is not the point of Vanderford's claim. While there may be substantial evidence to support the verdict that there was no rental pool, the issue at hand involves the misleading instruction regarding the parties to that agreement.

Jury instructions 21 and 31 were given stating that "Paul Knudson has the burden of proving each of the following propositions: 1. A contract existed between Paul Knudson and Richard and Jody Greif" and "[i]n this case, Richard and Jody Greif allege that all parties did not agree to all essential terms of the alleged contract between Paul Knudson and Richard and Jody Greif." The trial court's instruction did not reflect the parties' arguments at trial that Knudson and Richard Greif had an agreement. The instruction's inclusion of Jody Greif as a party to the oral agreement would mislead a jury and prejudice a party when the arguments and testimony were based on an agreement between Knudson and Richard Greif only.

Fraudulent Conveyance and Alter Ego. Vanderford requested that the court give jury instructions regarding these issues so that Vanderford could pierce the corporate veil and find the Greifs liable for the LLC's debts. The court refused to submit these instructions to the jury. The statement of the law on these issues is correct and they are not adequately covered by any other jury instructions. No instructions deal with Vanderford's allegation that it can pierce the corporate veil in order to find the Greifs liable for the LLC's debts. Thus the trial court must have concluded that a reasonable view of the evidence did not support this theory.

Fraudulent transfer is defined in I.C. § 55-913(1) as: (a) a transfer that is made with "intent to hinder, delay, or defraud any creditor of the debtor;" or (b) a transfer "without receiving a reasonably equivalent value in exchange for the transfer" when a debtor is engaged in a transaction for which the assets of the debtor are unreasonably small in relation to the transaction. Vanderford claims that the transfer of property from the LLC to Greif was

11

fraudulent because the properties were essentially the only asset of the LLC. When the properties were sold the LLC's assets were unreasonably small in relation to the transactions with Vanderford. Much of the evidence presented at trial went toward the fraudulent conveyance issue. There was sufficient evidence to present fraudulent conveyance instructions to the jury.

Vanderford also argued that the corporate veil should be pierced because the LLC was Greif's alter ego. In order for a corporation to be an alter ego of an individual, there must be (1) a unity of interest and ownership to a degree that the separate personalities of the corporation and individual no longer exist and (2) if the acts are treated as acts of the corporation an inequitable result would follow. *Surety Life Ins. Co. v. Rose Chapel Mortuary*, 95 Idaho 599, 601, 514 P.2d 594, 596 (1973). Vanderford argued the issues at trial, and there was evidence to support the claim. Greif was the managing member who paid himself, as manager of the LLC, to manage his personal investment properties, the Pines Townhomes. Grief and his accountant testified that the LLC's checking account was so confusing that the accountant could not be sure whose money was in the account at what times. The proposed jury instructions correctly stated the law and were supported by a reasonable view of the facts.

Slander of Title. Greif claims that the trial court should have given the jury its proposed slander of title instruction. The district court gave an instruction on slander of title as to Knudson, but the Greifs allege that there should also have been an instruction as to Vanderford. The district court did not give the instruction because it stated that failure to reconvey must be framed as negligence not slander of title. *See McPheters v. Maile*, 138 Idaho 391, 395, 64 P.3d 317, 321 (2003) (where a defendant failed to record a satisfaction of judgment, the plaintiff's true cause of action was negligence because failure to record cannot meet the publication requirement for slander of title).

Greif does not argue that the failure to reconvey alone amounts to slander of title, but that the notice of *lis pendens* against the properties, coupled with failure to reconvey the deeds of trust to the properties, amounts to Vanderford's publication of false statements. While this detail distinguishes the matter from prior case law, the publication of the notice of *lis pendens* is not defamatory. It merely informs the public that the property is involved in litigation.

12

Greif presented evidence on its slander of title claim against Vanderford, but the court found that no reasonable view of the evidence could support the instruction. The district court did not abuse its discretion with regard to this instruction.

Breach of Contract. Greif asserts that the court erred when it failed to grant a jury instruction on breach of contract. Greif argued that Vanderford had a contractual duty to reconvey deeds of trust to the town homes. The district court gave a negligence instruction on the issue, but did not instruct the jury regarding breach of a contractual duty to reconvey the properties. The trial court based its decision on its understanding that negligence is the only cause of action for failure to reconvey. The district court's interpretation mistakes this Court's holding. In *McPheters v. Maile*, this Court held that the plaintiff's true cause of action was negligence where the defendant failed to record a satisfaction of judgment. *McPheters*, 138 Idaho at 395, 64 P.3d at 321. The Court reasoned that failure to record a satisfaction of judgment cannot meet the publication requirement for slander of title. *Id.* This Court has not held that negligence is the only possible cause of action for failure to reconvey. Greif submitted a correct statement of law, supported by the evidence, which was not adequately covered by the other instructions.

In sum, it is necessary to remand for a new trial on the issues of alter ego, fraudulent conveyance, oral agreement, and breach of contract because the requested jury instructions were a correct statement of the law, supported by a reasonable view of the evidence, and not adequately covered by the other instructions. The district court did not abuse its discretion in failing to give the slander of title instruction.

## VI.
## KNUDSON'S UNJUST ENRICHMENT CLAIM WAS NOT BARRED

The jury found that the Greifs had been unjustly enriched through their dealings with Knudson in the amount of $237,500. Unjust enrichment occurs where a defendant receives a benefit which would be inequitable to retain without compensating the plaintiff to the extent that retention is unjust. *Beco Constr. Co. v. Bannock Paving Co.*, 118 Idaho 463, 466, 797 P.2d 863, 866 (1990) (quoting *Hertz v. Fiscus*, 98 Idaho 456, 457, 567 P.2d 1, 2 (1977)). A prima facie case of unjust enrichment consists of three elements: (1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the

13

benefit without payment to the plaintiff for the value thereof. *Aberdeen-Springfield Canal Co. v. Peiper*, 133 Idaho 82, 88, 982 P.2d 917, 923 (1999). The Greifs raise two issues on the matter of unjust enrichment: (1) whether the claim was barred by the LLC's operating agreement and real estate contracts; and (2) in the event that the claim was not barred, whether there was sufficient evidence to support the jury's finding that Knudson was unjustly enriched.

The doctrine of unjust enrichment is not permissible where there is an enforceable express contract between the parties which covers the same subject matter. *Wilhelm v. Johnston*, 136 Idaho 145, 152, 30 P.3d 300, 307 (Ct. App. 2001) (citing *DBSI/TRI V v. Bender*, 130 Idaho 796, 805, 948 P.2d 151, 160 (1997)). Equity does not intervene when an express contract prescribes the right to compensation. *Shacocass, Inc. v. Arrington Constr. Co.*, 116 Idaho 460, 464, 776 P.2d 469, 473 (Ct. App. 1989); *see Wolford v. Tankersley*, 107 Idaho 1062, 1064, 695 P.2d 1201, 1203 (1984).

In this case there are no enforceable express contracts between these three parties on this particular subject. Knudson did have contracts with Richard and Jody Greif -- the Purchase and Sale Agreements for some of the town homes. However, the LLC's Operating Agreement was only a contract between Knudson and Richard Greif. The only possible contracts which could bar the unjust enrichment claim would be the Purchase and Sale Agreements. These real estate contracts are express contracts dealing with the sale of properties from Knudson as manager of Austin Homes to the Greifs. The Court does not have copies of other contracts, and Knudson denies that additional contracts exist. Regardless, Knudson and the Greifs had many other dealings from which the jury could have found a basis for unjust enrichment. Knudson testified at trial that he had an oral agreement with the Greifs for landscaping services. Knudson and the Greifs are also involved in business dealings involving the Quail Cove subdivision and Reyna property which were discussed at trial. The transactions and dealings between Knudson and the Greifs are numerous.

There is no contract demonstrated between all of these parties which could act as a bar to the theory of unjust enrichment. Sufficient evidence was produced at trial to support the jury's award of unjust enrichment. However, there are significant issues to be submitted to a jury on retrial of this case which might have impacted the jury's decision had they been submitted to the jury. Consequently, the unjust enrichment verdict is vacated.

14

# VII.
# ATTORNEY FEES

Idaho Code Section 12-120(3) states:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
>
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

The rule defines commercial transactions as "all transactions except transactions for personal or household purposes." I.C. § 12-120(3); *Blimka v. My Web Wholesaler, LLC*, 143 Idaho 723, 728, 152 P.3d 594, 599 (2007). An award of attorney fees is proper where the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover. *Brower v. E.I. DuPont De Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990).

Some cases dealing primarily with property ownership and easement rights have not been considered commercial transactions. *See Baxter v. Craney*, 135 Idaho 166, 174-75, 16 P.3d 263, 271-72 (2000) (boundary dispute is not commercial transaction because relationship between the parties is not of a commercial nature where land owners are engaged in the businesses of ranching and farming). Such decisions stem from the idea that an award of attorney fees under I.C. § 12-120(3) is not appropriate every time a commercial transaction is remotely connected with the case. *Sun Valley Hot Springs Ranch, Inc. v. Kelsey*, 131 Idaho 657, 663, 962 P.2d 1041, 1047 (1998). In this case the transactions involve accounts, notes, guarantees, and contracts for real estate development and sales are commercial transactions which constitute the gravamen of the lawsuit. The transactions in this case are dissimilar to land disputes between two neighboring businesses which the Court has previously held are not commercial transactions.

A determination of who qualifies as a prevailing party is determined "from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, L.L.C. v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 719, 117 P.3d 130, 133 (2005). There is a commercial transaction in this case. The trial court held that Vanderford and Knudson were prevailing parties.

15

In this case a remand is necessary. Consequently a final outcome is unknown. The award of attorney fees is vacated. A final award for trial and for this appeal is dependent upon the result to come in the trial court. The case is remanded with an award of attorney fees for trial and this appeal to be determined in the trial court.

## VIII.
## CONCLUSION

Vanderford cannot foreclose on the Greif Trust Deeds because the language in the Notes fails to confer any real property as collateral. The trial court's findings articulated in its order were sufficient to meet the purpose of Rule 52(a) requiring separate findings of fact and conclusions of law. The Court declines to reach the issue of whether the trial court erred when it quashed the lien of the Greif Trust Deeds because Vanderford failed to support its argument with any legal authority. The case is remanded for new trial on those matters determined by the jury, the trial to include jury instructions regarding fraudulent conveyance, oral agreement, and breach of contract because the requested instructions were a correct statement of the law, supported by a reasonable view of the evidence, and not adequately covered by the other instructions. The alter ego issue is equitable in nature to be determined by the trial court. The district court did not abuse its discretion in failing to give the slander of title jury instruction because no reasonable view of the evidence could support the instruction. There was no contract to bar Knudson's award on the theory of unjust enrichment, and sufficient evidence supported the jury's award. However, the verdict on this issue is vacated so it may be considered together with the other jury issues. The determination of a prevailing party is dependent upon the outcome of issues on remand. The Court declines to award attorneys fees for the appeal to any party. The trial court may make an award of attorney fees for this appeal dependent upon the final outcome of the case.

Justices TROUT, EISMANN, BURDICK and JONES **CONCUR**.

16